IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>    Plaintiff,<br><br>    v.<br><br>SUNNY HEALTH NUTRITION<br>TECHNOLOGY & PRODUCTS, INC.<br>and SUNNY SIA;<br>    Defendants. | Case No. 8:06-cv-02193-SCB |

**TEMPORARY RESTRAINING ORDER WITH AN ASSET FREEZE AND ORDER FOR DEFENDANTS TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

On November 22, 2006, Plaintiff, the Federal Trade Commission ("FTC") filed a Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") against the Defendants Sunny Health Nutrition Technology & Products, Inc., which also has done business as SHN Tech, Inc., and Sunny Sia (together, "Defendants"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), alleging violations of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52. The Defendants agreed to settle that matter, and on November 30, 2006, this Court entered a Stipulated Final Order for Permanent Injunction and Settlement of Claims for Monetary Relief ("Order").

Under the terms of that Order, judgment was entered for $375,000. That judgment, however, was contingent upon the completeness, truthfulness and accuracy of the financial materials provided by the Defendants to the FTC. In the event of any misrepresentation or

1

omission from those financial materials, the Defendants are subject to entry of a monetary judgment of $1.9 million.

The FTC has filed an Motion for a Temporary Restraining Order With an Asset Freeze and Order to Show Cause Why a Preliminary Judgment Should Not Issue, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.  This Court has considered the arguments, declarations and exhibits filed in support of the FTC's motion, and now, being advised in the premises, finds that:

1.	There is good cause to believe that the Defendant Sunny Sia misrepresented and/or omitted material information in the financial statements he provided to the FTC;

2.	There is good cause to believe that, at a minimum, the Defendant omitted from these financial statements material information regarding significant assets held in a PayPal account for Sunny Sia at the time the Defendant submitted his financial statements to the FTC;

3.	There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief in the form of consumer redress will occur from the transfer, dissipation or concealment by the Defendant of his assets or business records unless the Defendant Sia is immediately restrained and enjoined by order of this Court;

4.	Weighing the equities and considering the FTC's likelihood of ultimate success at establishing its right to entry of judgment in the amount of $1.9 million, a temporary restraining order with an asset freeze is in the public interest; and

5.	No security is required of any agency of the United States for issuance of a restraining order.  Fed. R. Civ. P. 65 (c).

**IT IS THEREFORE ORDERED AS FOLLOWS:**

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A.  "Defendant" means Sunny Sia, his successors, assigns, agents, servants or employees, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, unless specified otherwise;

B.  "Document(s)" or "record(s)" means

1.  The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter, or other data compilations of any kind, including, but not limited to, letters, e-mail or other correspondence, messages, memoranda, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, or files; and

2.  Any information stored on any desktop personal computer ("PC") and workstations, laptops, notebooks, and other portable computers, whether assigned to individuals or in pools of computers available for shared use; and home computers used for work-related purposes; backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another company facility or stored offsite by a third-party, such as in a disaster recovery center; and computers and related offline storage used by the Defendant's participating associates, which may include persons who are not employees of his company or who do not work on company

premises.

## ASSET FREEZE

**I.     IT IS HEREBY ORDERED** that the Defendant Sunny Sia, and his, agents, servants, employees, attorneys, and all persons or entities directly or indirectly under the control of any of them, and all other persons or entities acting in concert or participation with any of them who are served with a copy of this Order by personal service, facsimile, or otherwise, including any financial institution, are hereby temporarily restrained and enjoined from directly or indirectly selling, liquidating, assigning, transferring, converting, loaning, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any funds held in any accounts with PayPal, Inc. ("PayPal") until further order.

## RETENTION OF ASSETS AND DOCUMENTS BY PAYPAL

**II.     IT IS FURTHER ORDERED** that, pending determination of the FTC's request for a preliminary injunction, PayPal, Inc. shall:

    A.     Hold and retain within such entity's or person's control, and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of, any funds, documents, property, or other assets held by or under such entity's or person's control:

        1.     on behalf of, or for the benefit of, Defendant Sunny Sia;

        2.     in any account maintained in the name of, or subject to withdrawal by, Defendant Sunny Sia; or

        3.     that are subject to access or use by, or under the signatory power of, Defendant Sunny Sia;

  B. Provide to counsel for the FTC, within three (3) days, a statement setting forth:

    1. the identification of each PayPal account titled in the name, individually or jointly, or held on behalf of, or for the benefit of, Defendant Sunny Sia;

    2. the balance of each such account, or a description of the nature and value of such asset; and

    3. if the account or other asset has been closed or removed, the date closed or removed and the balance on said date.

III. **IT IS FURTHER ORDERED** that

  A. The accounts subject to Part II of this Order include existing assets and assets deposited after the effective date of this Order. This Section shall not prohibit transfers in accordance with any provision of this Order, or any further order of the Court; and

  B. The FTC is granted leave, pursuant to Fed. R. Civ. P. 45, to subpoena documents immediately from any such financial institution, account custodian, or other entity concerning the nature, location, status, and extent of the Defendant Sunny Sia's assets, and compliance with this Order, and such financial institution, account custodian or other entity shall respond to such subpoena within five business days after service. For purposes of this subsection, the FTC may serve any such subpoena by facsimile or overnight courier.

## ORDER TO SHOW CAUSE

**IV.** **IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 65(b), that Defendant Sunny Sia shall appear before United States Magistrate Judge Elizabeth A. Jenkins, to show cause, if any there be, why this Court should not enter a preliminary injunction enjoining the Defendant Sunny Sia from directly or indirectly selling, liquidating, assigning, transferring, converting,

loaning, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any funds held in any accounts with PayPal, Inc. Magistrate Judge Jenkins will issue a separate order scheduling a hearing.

## EXPIRATION OF THIS ORDER

**V.     IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on December 22, 2006, at 5: 30 PM, unless within such time the Order, for good cause shown, is extended, or unless the Defendant consents that it should be extended for a longer period of time.

## SERVICE OF PLEADINGS; EVIDENCE; WITNESS LISTS

**VI.     IT IS FURTHER ORDERED** that

    A.     The Defendant Sunny Sia shall file any answering affidavits, pleadings, or legal memoranda with the Court and serve the same on counsel for the FTC no later than three business days prior to the preliminary injunction hearing in this matter. The FTC may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendant no later than one business day prior to the preliminary injunction hearing in this matter. <u>Provided</u> that service shall be performed by personal or overnight delivery or by facsimile, and documents shall be delivered so that they shall be received by the other parties no later than 4 p.m. (EDT) on the appropriate dates listed in this sub-paragraph.

    B.     The question of whether this Court should enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure shall be resolved, pursuant to Local Rule 4.06(b), on the pleadings, declarations, exhibits, and memoranda filed by and oral argument of

the parties. Live testimony shall be heard only on further order of this Court on motion filed with the Court and served on counsel for the parties at least 72 hours prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness' expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony, or to present live testimony in response to live testimony to be presented by another party, shall be filed with this Court and served on the other parties at least two business days prior to the preliminary injunction hearing in this matter. <u>Provided</u> that service shall be performed by personal or overnight delivery or by facsimile, and documents shall be delivered so that they shall be received by the other parties no later than 4 p.m. (EDT) on the appropriate dates listed in this subsection.

## CORRESPONDENCE WITH PLAINTIFF

**VII.    IT IS FURTHER ORDERED** that, for the purposes of this Order, all service on and correspondence to the FTC shall be addressed to: Elsie B. Kappler, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Room NJ-2122, Washington, DC 20580. Telephone: (202) 326-2466; Facsimile: (202) 326-2558.

## SERVICE OF THIS ORDER

**VIII.   IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, email transmission, personal or overnight delivery, or U.S. Mail, by agents and employees of the FTC or any state or federal law enforcement agency or by private process server, on (1) the Defendant, (2) PayPal, or (3) any other person or entity that may be subject to

any provision of this Order.

## RETENTION OF JURISDICTION

**IX.     IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**, this 8th day of December, 2006, at 5:30 p.m.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
United States Magistrate Judge Elizabeth A. Jenkins