IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br><br>v.<br><br>SUNNY HEALTH NUTRITION<br>TECHNOLOGY & PRODUCTS, INC.<br>and SUNNY SIA;<br>Defendants. | Case No. 8:06-cv-02193-SCB |

STIPULATED PRELIMINARY INJUNCTION

On December 8, 2006 upon request by the Federal Trade Commission, entered a Temporary Restraining Order freezing assets of Defendant Sunny Sia held by PayPal, Inc. The Court further ordered retention of certain PayPal records.

The parties have filed a Stipulated Motion for Entry of Preliminary Injunction.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A.   "Defendant" means Sunny Sia, his successors, assigns, agents, servants or employees, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, unless specified otherwise;

B.   "Document(s)" or "record(s)" means

1

      1.      The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter, or other data compilations of any kind, including, but not limited to, letters, e-mail or other correspondence, messages, memoranda, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, or files; and

      2.      Any information stored on any desktop personal computer ("PC") and workstations, laptops, notebooks, and other portable computers, whether assigned to individuals or in pools of computers available for shared use; and home computers used for work-related purposes; backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another company facility or stored offsite by a third-party, such as in a disaster recovery center; and computers and related offline storage used by the Defendant's participating associates, which may include persons who are not employees of his company or who do not work on company premises.

## ASSET FREEZE

**I.** **IT IS HEREBY ORDERED** that the Defendant Sunny Sia, and his, agents, servants, employees, attorneys, and all persons or entities directly or indirectly under the control of any of them, and all other persons or entities acting in concert or participation with any of them who are served with a copy of this Order by personal service, facsimile, or otherwise, including any financial institution, are hereby temporarily restrained and enjoined from directly or indirectly selling, liquidating, assigning, transferring, converting, loaning, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any funds held in any

accounts with PayPal, Inc. ("PayPal") until further order.

### RETENTION OF ASSETS AND DOCUMENTS BY PAYPAL

**II.     IT IS FURTHER ORDERED** that, pending determination of the FTC's Motion To Enter Previously Suspended Monetary Judgment, PayPal, Inc. shall:

A.     Hold and retain within such entity's or person's control, and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of, any funds, documents, property, or other assets held by or under such entity's or person's control:

1.     on behalf of, or for the benefit of, Defendant Sunny Sia;

2.     in any account maintained in the name of, or subject to withdrawal by, Defendant Sunny Sia; or

3.     that are subject to access or use by, or under the signatory power of, Defendant Sunny Sia;

B.     Provide to counsel for the FTC, within three (3) days, a statement setting forth:

1.     the identification of each PayPal account titled in the name, individually or jointly, or held on behalf of, or for the benefit of, Defendant Sunny Sia;

2.     the balance of each such account, or a description of the nature and value of such asset; and

3.     if the account or other asset has been closed or removed, the date closed or removed and the balance on said date.

**III.    IT IS FURTHER ORDERED** that

A.     The accounts subject to Part II of this Order include existing assets and assets

deposited after the effective date of this Order. This Section shall not prohibit transfers in accordance with any provision of this Order, or any further order of the Court; and

      B.     The FTC is granted leave, pursuant to Fed. R. Civ. P. 45, to subpoena documents immediately from any such financial institution, account custodian, or other entity concerning the nature, location, status, and extent of the Defendant Sunny Sia's assets, and compliance with this Order, and such financial institution, account custodian or other entity shall respond to such subpoena within five business days after service. For purposes of this subsection, the FTC may serve any such subpoena by facsimile or overnight courier.

## CORRESPONDENCE WITH PLAINTIFF

**IV.**    **IT IS FURTHER ORDERED** that, for the purposes of this Order, all service on and correspondence to the FTC shall be addressed to: Elsie B. Kappler, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Room NJ-2122, Washington, DC 20580. Telephone: (202) 326-2466; Facsimile: (202) 326-2558.

## SERVICE OF THIS ORDER

**V.**    **IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, email transmission, personal or overnight delivery, or U.S. Mail, by agents and employees of the FTC or any state or federal law enforcement agency or by private process server, on (1) the Defendant, (2) PayPal, or (3) any other person or entity that may be subject to any provision of this Order.

## RETENTION OF JURISDICTION

**VI.**    **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**, this 15th day of December, 2006, at 4:00 p.m.

                                      /s/ Susan C. Bucklew
                                  UNITED STATES DISTRICT JUDGE